UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JORGE ALBERTO PEREZ VELAZQUEZ,

Petitioner,

v. Case No.: 2:26-cv-02857-SPC-NPM

MARKWAYNE MULLIN *et al.*,

Respondents.

_____________________________________/

**OPINION AND ORDER**

Before the Court is Jorge Alberto Perez Velazquez's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 6), and Perez Velazquez's reply (Doc. 7).

Perez Velazquez is a native and citizen of Mexico who entered the United States without inspection over 20 years ago. He has no criminal history other than a 10-year-old citation for driving without a valid license. On September 28, 2026, Immigration and Customs Enforcement (ICE) arrested Perez Velazquez because of his immigration status. ICE issued an I-200 Warrant for Arrest of Alien on September 29, 2026, and served it on Perez Velazquez on September 30, 2026. An Immigration and Customs Enforcement (ICE) officer issued a notice to appear (NTA) on September 29, 2026.

In his habeas petition, Perez Velazquez argues his warrantless arrest and detention without process violated the Fifth Amendment, the Immigration and Nationality Act, and implementing regulation. In response, the government certifies it is detaining Perez Velazquez under 8 U.S.C. § 1225(b)(2) because it classifies him as an "applicant for admission." As the government acknowledges, its position is contrary to binding Eleventh Circuit precedence. In *Hernandez Alvarez*, the Eleventh Circuit held, "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior. By interpreting § 1225 to stretch far beyond the border and ports of entry, the Government vitiates this longstanding distinction." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026). Thus, ICE is unlawfully detaining Perez Velazquez under an inapplicable statutory authority.

Perez Velazquez is also entitled to habeas relief because ICE arrested and detained him without due process. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292,

306 (1993). The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976).

The right at stake here—freedom from restraint—is a fundamental right. *Boumediene v. Bush*, 553 U.S. 723, 739 (2008) ("The Framers viewed freedom from unlawful restraint as a fundamental precept of liberty…"). When a government action impairs a fundamental right, courts "closely scrutinize the government action" to ensure the government acts "in a way that fundamental rights receive the respect and protection they are due." *Henry v. Sheriff of Tuscaloosa Cnty., Ala.*, 180 F.4th 1294, 1302 (11th Cir. 2026).

The Court finds a clear Fifth Amendment violation here because the government did not afford Perez Velazquez the process required by governing statutes and regulations. 8 U.S.C. § 1226(a) states, "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The timing of the warrant, notice to appear, and arrest is important. 8 C.F.R. § 1236.1(b) states, "*At the time of issuance of the notice to appear, or at any time thereafter* and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of

Form I–200, Warrant of Arrest." (emphasis added).[1] A notice to appear gives the alien notice of the alleged grounds for removability and commences the removal proceeding, in which the detainee can challenge both removal and detention. A noncitizen arrested before issuance of a notice to appear has no notice of the underlying reason for the arrest or an opportunity to challenge it.

There was no legal basis for the arrest because Perez Velazquez was not yet in removal proceedings, and the government offers no reason why it could not have provided predeprivation process. Perez Velazquez has no known history of violence, criminal activity, or attempts to evade government officials. What is more, the arresting officers did not suspect Perez Velazquez of any criminal activity at the time of his arrest. The government provides no reason for urgency here.

The government violated Perez Velazquez's right to due process by arresting without a warrant and before he was in removal proceedings and detaining him under an unapplicable statutory authority that provides for no individualized process. "ICE does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here."

[1] An immigration officer can arrest an alien without a warrant if the officer has probable cause the alien is in the United States in violation of immigration law and is likely to escape before a warrant can be obtained. *See* 8 U.S.C. § 1357(a)(2); 8 C.F.R. § 287.8(c)(2)(i), (ii). The respondents do not claim such probable cause existed here.

*Gopie v. Lyons*, No. 25-cv-5229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025).

Accordingly, it is hereby

**ORDERED**:

Jorge Alberto Perez Velazquez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1) The respondents shall release Perez Velazquez within 24 hours of this Order and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on November 5, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record